UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGETTE TAYLOR,<br><br>    Plaintiff,<br><br>  v.<br><br>BOSCO CREDIT, LLC, et al.,<br><br>    Defendants. | Case No. 18-cv-06310-JSC<br><br>**ORDER RE: MOTION TO DISMISS**<br>Re: Dkt. No. 55 |

Plaintiff Brigette Taylor brings this action challenging the wrongful foreclosure of her home. Defendants Bosco Credit, LLC and Franklin Credit moved to dismiss the action for failure to state a claim upon which relief can be granted.[1] The Court previously held that Plaintiff's claims were inadequately pled and dismissed them with leave to amend. Following amendment of the complaint, Defendants again moved to dismiss. (Dk. No. 55.) Having reviewed the parties' briefing and having had the benefit of oral argument on June 13, 2019, the Court GRANTS the motion to dismiss the TILA claim without leave to amend. As the case was removed on federal question grounds, and the sole remaining federal claim has been dismissed, the Court will not address the state law claims unless and until Defendants establish that there is diversity jurisdiction.

//
//
//

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 8, 12, & 16).

## BACKGROUND

**A. Second Amended Complaint Allegations[2]**

Plaintiff was the owner of real property at 2448 Covelite Way, Antioch, CA 94531 ("the Property"). (Second Amended Complaint ("SAC") at ¶ 7.) Plaintiff purchased the Property in December 2005. (*Id.* at ¶ 8.) To secure the purchase, Plaintiff obtained a first lien loan from World Savings in the amount of $567,000 ("First Lien Loan"). (*Id.*) A year later Plaintiff obtained a second lien loan from Cal State 9 Credit Union in the amount of $150,000 ("Second Lien Loan"). (*Id.*)

On or around June 30, 2008, Bosco Credit LLC became the beneficiary of the Second Lien Loan. (*Id.* at ¶ 9.) Around the same time, Plaintiff was notified that Franklin Credit Management Corporation was taking over the management of her Second Lien Loan. (*Id.*) Plaintiff thereafter received monthly statements from Franklin from approximately June 2008 to April 2010. (*Id.* at ¶ 10.) In April 2010, however, Plaintiff stopped receiving any communications from Franklin, including the monthly statements. (*Id.*) Her last statement indicated that her principal balance was $150,859.51 and the total amount of past due payments was $35,595.84. (*Id.*)

In September 2011, Plaintiff received a Home Affordable Modification Agreement through Wells Fargo Bank on the First Lien Loan. (*Id.* at ¶ 11.) The HAMP modification stated that Plaintiff's First Lien Loan had been permanently modified and that after three years of payment under the modification, Wells Fargo would forgive $266,581.31 of the principal balance owed to it. (*Id.*) Franklin "was also a participant in the HAMP Program" and "[u]nder the HAMP Second Lien Modification Program (2MP) which Franklin was a participant in, after Plaintiff accepted the modification offer on the First Lien, Franklin was required to either (1) offer to modify the Second Line or (2) extinguish the Second Lien." (*Id.*) Because Plaintiff received no further statements or correspondence from Franklin following her modification with Wells Fargo she believed that Franklin "had extinguished the Second Lien as required under HAMP." (*Id.*)

On June 1, 2014, Plaintiff received a notice from Wells Fargo stating that because of her good standing and in accordance with the terms of the modification, $266,581.31 of her principal

---

[2] Although Plaintiff captions this as her First Amended Complaint, it is her Second Amended Complaint as Plaintiff previously amended her complaint when the case was proceeding in state court. *Compare* Dkt. No. 1-1 *with* Dkt. No. 25.

balance on the First Lien Loan had been forgiven. (*Id*. at ¶ 12.) Plaintiff's principal balance on this First Lien Loan was therefore $390,000 as of June 1, 2014. (*Id*.)

A little over a year later, in August 2015, Plaintiff received a Notice of Default saying that Plaintiff's Second Lien Loan was approximately $110,000 in arrears. (*Id*. at ¶ 13.) Nearly six months later, on March 1, 2016, a Notice of Trustee's Sale was recorded stating that Plaintiff owed $270,000 on the Second Lien Loan. (*Id*. at ¶ 14.) The following month, another Notice of Trustee's Sale was recorded stating that Plaintiff owed $272,000 on the Second Lien Loan. (*Id*. at ¶ 15.) In January 2018, Defendants recorded another Notice of Trustee's Sale stating that Plaintiff owed $276,028.71 on the Second Lien Loan. (*Id*. at ¶ 16.) On January 31, 2018, the day the Trustee's Sale was to take place, Bosco "purported to take title of Plaintiff's property by paying $145,209.00 despite the fact that the property was worth at least $600,000 at this time." (*Id*. at ¶ 16.) A Trustee's Deed Upon Sale was thereafter recorded with the Contra Costa County Recorder purporting to transfer title of the Property to Bosco. (*Id*. at ¶ 17.)

### B. Procedural Background

Plaintiff filed this action in the Contra Costa Superior Court on March 27, 2018. She initially pled claims only as to Bosco/Franklin, but then on September 13, 2018, Plaintiff filed her First Amended Complaint ("FAC") adding a claim as to Wells Fargo. (Dkt. No. 1-1.) The FAC pled six claims for relief. The first five as to Bosco/Franklin were for: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. § 1026.41; (2) breach of contract; (3) negligence; (4) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200; and (5) cancellation of instrument. Her sixth claim, for declaratory relief, was brought only against Wells Fargo. Wells Fargo removed the action to this Court following service asserting federal question jurisdiction based on Plaintiff's RESPA claim. (Dkt. No. 1.) Defendants thereafter separately moved to dismiss. All claims were dismissed with leave to amend. (Dkt. No. 23.)

Plaintiff filed her SAC on January 3, 2019. (Dkt. No. 25.) The SAC pleads five claims for relief: (1) violation of the Truth in Lending Act ("TILA"), 12 C.F.R. § 1026.7 as to Franklin; (2) breach of contract as to Franklin and Bosco; (3) unfair business practices in violation of Cal. Bus. & Prof. Code § 17200 as to Franklin and Bosco; (4) cancellation of instrument as to Franklin and Bosco, and (5) declaratory relief as to Wells Fargo and Bosco. Defendants again separately moved

to dismiss. (Dkt. Nos. 55 & 57.) While the motions were pending, Plaintiff voluntarily dismissed her claim against Wells Fargo. (Dkt. No. 61.)

**DISCUSSION**

Defendants Franklin and Bosco (hereafter "Defendants") jointly move to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted. In addition, Defendants move to dismiss Plaintiff's TILA claim and her breach of contract claim as time-barred by the statute of limitations.

**A. TILA Claim**

Plaintiff alleges that Franklin violated the TILA periodic statements requirement. *See* 12 C.F.R. § 1026.7. In particular, Plaintiff contends that Franklin failed to provide her with periodic billing statements regarding the Second Lien Loan from April 2010 to January 2018 (the date of sale of the Property to Bosco). (SAC at ¶ 20.) Franklin moves to dismiss on the grounds that Plaintiff's TILA claim is barred by the statute of limitations. Generally, an action for damages under TILA must be brought within one year of the alleged violation. 15 U.S.C. § 1640(e); *King v. State of Cal.*, 784 F.2d 910, 913 (9th Cir. 1986).

Franklin contends that the statute of limitations on Plaintiff's TILA claim began to run in 2010, when Plaintiff alleges she stopped receiving periodic statements. Plaintiff's TILA claim is therefore barred as Plaintiff did not file her original action until nearly eight years later. *See Conder v. Home Sav. Of Am.*, 680 F. Supp. 2d 1168, 1173-1174 (C.D. Cal. 2010) (dismissing TILA claim because it was not brought within one year of the alleged TILA violation).

Plaintiff does not disagree with this analysis, but instead maintains that her claim is not time-barred under the continuing harm doctrine. Under Plaintiff's theory, because Defendants' unlawful conduct continued from April 2010 through Franklin's foreclosure on her home in January 2018, and her complaint was filed in March of 2018, her claim was filed within the one-year statute of limitations. In a related argument, she contends that every month Franklin did not provide a billing statement the statute began to run again; thus, argues Plaintiff, the statute last started to run in January 2018 when her home was foreclosed upon.

The fundamental flaw in Plaintiff's theory is that it assumes Franklin had an obligation to provide her with periodic statements through January 2018. It did not. Plaintiff concedes that in

4

August 2015 she received a Notice of Default from Franklin and that in March 2016 Defendants recorded a Notice of Trustees' Sale. (SAC at ¶¶ 13,14.) The Notice of Default, or at least Notice of Trustee's Sale, terminated Franklin's duty to provide Plaintiff with periodic statements. Under 12 C.F.R. 1026.5(b)(2)(i), "A periodic statement need not be sent for an account … if delinquency collection proceedings have been instituted …." Thus, as delinquency collection proceedings began at the latest in March 2016, and therefore Franklin no longer owed Plaintiff periodic statements after that date, the statute of limitations for Plaintiff's 12 C.F.R. 1026.7 TILA claim began to run at the latest from this date. The face of the complaint and matters of which the Court may take judicial notice therefore shows the TILA claim is time barred.

To the extent Plaintiff contends that the harm continued after the March 2016 Notice of Trustee's Sale because Franklin continued to not provide the previously-required periodic statements, the Ninth Circuit has squarely rejected such argument in the TILA context. *See King,* 784 F.2d at 914. While *King* involved a TILA disclosure that the lender was required to make at the time of consummation of the loan, its analysis applies equally to all TILA disclosures. The last time Franklin was required to make a TILA disclosure was—at the latest—March 2016. The continuing violation doctrine does not extend the statute of limitations beyond one year from that date because to do so would expose Franklin to a "prolonged and unforeseeable liability that Congress did not intend." *Id.*

As Plaintiff filed suit in March 2018, her claim is barred by the one-year statute of limitations in 15 U.S.C. § 1640(e). Plaintiff's TILA claim is therefore dismissed. The dismissal shall be without leave to amend. Plaintiff does not claim equitable tolling, and with good reason. Assuming as true her allegation that the absence of billing statements led her to believe that her second mortgage had been forgiven in its entirety, just as part of her first mortgage was forgiven, she was on notice that Franklin did not agree her loan was forgiven when she received the Notice of Default in August 2015. Thus, as a matter of law she was on notice of her claim at the latest on that date—well more than a year before she filed this lawsuit. The TILA claim thus fails as a matter of law.

### B. Jurisdiction

Former defendant Wells Fargo removed this action from state court based on federal

question jurisdiction. (Dkt. No. 1 at 2-3.) Plaintiff's amended complaint filed after this action was removed also recites that subject matter jurisdiction is based on the presence of a federal question. (Dkt. No. 25 at 2.) The only federal question in the operative complaint is the TILA claim which this Order dismisses with prejudice. When a case is in federal court on federal question jurisdiction, and the federal claims are dismissed before trial, the trial court should decline to exercise supplemental jurisdiction and dismiss or remand as appropriate the remaining state law claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Mitchell v. OneWest Bank, FSB*, 2011 WL 13196483 *2 (N.D. Cal. Feb. 22, 2011) (declining to exercise supplemental jurisdiction over state law claims after dismissing federal claim in action challenging foreclosure). The Court therefore intends to remand the state law claims unless Defendants can show that there is diversity subject matter jurisdiction. The Court cautions that Bosco LLC is a citizen for jurisdiction purposes of every state in which its members are a citizen. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Accordingly, on or before July 5, 2019, Defendants shall make a submission showing cause as to why this Court should not remand the remaining state law claims. If Plaintiff wishes to challenge Defendants' assertion of diversity jurisdiction, she shall do so by July 12, 2019. If the Court's diversity jurisdiction is not established by that date, the Court will remand the state law claims.

**CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss is GRANTED as to the TILA claim without leave to amend. The motion to dismiss the state law claims is held in abeyance pending the jurisdictional showing.

**IT IS SO ORDERED.**

Dated: June 27, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge