UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGETTE TAYLOR, | |
| Plaintiff, | Case No. 18-cv-06310-JSC |
| v. | **ORDER RE: MOTION TO DISMISS** |
| BOSCO CREDIT, LLC, et al., | Re: Dkt. No. 55 |
| Defendants. | |

Plaintiff Brigette Taylor brings this action challenging the wrongful foreclosure of her home. Defendants Bosco Credit, LLC and Franklin Credit moved to dismiss the action for failure to state a claim upon which relief can be granted.[1] The Court previously held that Plaintiff's claims were inadequately pled and dismissed them with leave to amend. Following amendment of the complaint, Defendants again moved to dismiss. (Dk. No. 55.) The Court granted the motion to dismiss as to Plaintiff's Truth in Lending Act ("TILA") claim with prejudice and ordered Defendants to show cause as to whether there was diversity jurisdiction or whether the Court should decline to exercise supplemental jurisdiction and remand the remaining state law claims to state court. (Dkt. No. 68.) Having reviewed Defendants' response, the Court concludes that there is diversity jurisdiction, DISCHARGES the order to show cause, and GRANTS the motion to dismiss the state law claims with prejudice.

//

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 8, 12, & 16.)

**BACKGROUND**

The Court incorporates the discussion of the factual and procedural background from its Order granting the motion to dismiss the TILA claim by reference. (Dkt. No. 68.)

**DISCUSSION**

Defendants Franklin and Bosco (hereafter "Defendants") jointly move to dismiss Plaintiff's state law claims for failure to state a claim upon which relief can be granted. In addition, Defendants move to dismiss Plaintiff's breach of contract claim as barred by the statute of limitations.

**A. Breach of Contract Claim**

Plaintiff again alleges that Defendants breached the Deed of Trust, and specifically Section 6 of the Adjustable Rate Rider, by failing to send her periodic statements after April 2010 identifying, among other things, the minimum payment due. (SAC ¶ 24.) A claim for breach of contract exists when there is: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Wall Street Network, Ltd. v. New York Times Company*, 164 Cal.App.4th 1171, 1178 (2008). "If the action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference." *Otworth v. S. Pac. Transp. Co.*, 166 Cal.App.3d 452, 459 (1985).

The Court previously dismissed the breach of contract claim because Plaintiff had not plausibly alleged that her obligation under the Deed of Trust had been performed or that performance was excused. (Dkt. No. 23 at 5.) In particular, Plaintiff alleged that even before she stopped receiving monthly statements she had $35,595.84 in past due payments, which establishes that Plaintiff had failed to perform on the Deed of Trust separate and apart from Defendants' subsequent alleged failure to provide the periodic statements. (*Id*.)

In her SAC Plaintiff again conclusorily alleges she performed her obligations under the Deed of Trust (SAC ¶ 23) notwithstanding also continuing to allege that as of April 2010 her past due payments totaled $35,595.84. (SAC ¶ 10.) She adds no new allegations regarding her performance, having only added a paragraph alleging that Defendants breached the requirement in the Adjustable Rate Rider that it send periodic statements to Plaintiff as long as any balance was

2

owed on the lien. (SAC ¶ 26.) But she never explains why the subsequent failure to send periodic statements would excuse her previous non-performance under the Deed of Trust. Because the SAC includes no new allegations that plausibly support an inference that she performed her obligations under the Deed of Trust or that she was somehow excused from performing those obligations, the breach of contract claim still fails.

Defendants also insist that Plaintiff's breach of contract claim is barred by the four-year statute of limitations for breach of contract claims. (Dkt. 55-1 at 6.) Claims based on a written contract have a four-year statute of limitations. Cal. Civ. Proc. Code § 337; *Kaufman v. Mut. Life Ins. Co. of New York,* 108 F.3d 1385 (9th Cir. 1997). Defendants reason that as the statute begins to run upon the breach, and here the alleged breach occurred shortly after April 2010 when Plaintiff stopped receiving periodic statements, the statute ran long before this action was filed. *See Cochran v. Cochran*, 56 Cal. App. 4th 1115, 1120 (1997).

Plaintiff counters that the claim is not time-barred because (1) under the continuing harm doctrine, Defendants' breach persisted through January 2019 such that the statute of limitations had not yet run when Plaintiff filed her claim, and (2) even if this were not the case, she did not discover the breach of the Adjustable Rate Rider until August 2015 when she received the Notice of Default. (Dkt. No. 60 at 7.) Plaintiff also raised the continuing harm doctrine for her TILA claim; however, with the TILA claim, each failure to provide Plaintiff with a periodic statement constituted a breach of 12 C.F.R. § 1026.7, as Defendants had an ongoing legal obligation to provide Plaintiff with the statements until Plaintiff received Notice of Default in March 2015. In contrast, with Plaintiff's breach of contract claim, it is the Adjustable Rate Rider which allegedly gives rise to Plaintiff's right to periodic statements. Defendants breached this agreement when they stopped sending her periodic statements beginning in April 2010. Plaintiff has not advanced a theory—let alone a plausible theory—which would suggest that the contract was revived after this date such that Defendants would owe her an ongoing obligation to provide periodic statements. The continuing harm doctrine thus does not apply.

Plaintiff's second theory—that the rule of discovery tolls the statute of limitations—is no more availing. "[A] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and

3

manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence." *Beasley v. Conagra Brands, Inc.*, 374 F. Supp. 3d 869, 883 (N.D. Cal. 2019) (internal citation omitted) (quoting *McKelvey v. Boeing N. Am., Inc.*, 74 Cal. App. 4th 151, 160 (1999)). Plaintiff argues that she only discovered she was entitled to receive periodic statements when she received the Notice of Default in August 2015 because she had reasonable belief that the loan had been forgiven until this date based on Defendants' failure to send her periodic statements. (Dkt. No. 60 at 7.) Plaintiff alleges that prior to this date she believed her loan had been forgiven based on her receipt of a HAMP modification of her Wells Fargo loan and she believed this also applied to her loan with Bosco/Franklin. (SAC ¶ 11.) The fatal flaw in Plaintiff's argument is that the loan modification allegedly took place in September 2011, but the monthly statements stopped in August 2010. (*Id*. at ¶¶ 10, 11.) Plaintiff has thus not plausibly alleged that she believed the monthly statements stopped based on a loan modification which occurred over a year later or that she used reasonable diligence to determine why they periodic statements stopped such that the discovery rule would apply.

Accordingly, Plaintiff's breach of contract claim is dismissed for failure to plausibly allege that she performed under the contract or that her contract was excused and, in the alternative, as barred by the four-year statute of limitations.

### C. Unfair Business Practices Claim

To state a claim for unfair business practices pursuant to California Business and Professions Code § 17200, a plaintiff must allege an "unlawful, unfair, or fraudulent business act or practice" or "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. To have standing to bring suit pursuant to § 17200, a plaintiff must "make a twofold showing: he or she must demonstrate injury in fact and a loss of money or property caused by unfair competition." *Peterson v. Cellco Partnership*, 164 Cal.App.4th 1583, 1590 (2008). The UCL's "'lost money or property' requirement ... requires a plaintiff to demonstrate 'some form of economic injury' as a result of his transactions with the defendant.'" *Hinojos v. Kohl's Corp*., 718 F.3d 1098, 1104 (9th Cir. 2013) (quoting *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 320 (2011)).

Here, Plaintiff ties her unfair competition claim to Franklin's alleged violations of the TILA Consumer Finance Regulations as well as to her breach of contract claim. (SAC ¶ 31, 32.) However, the Court dismissed the Consumer Finance Regulation claim with prejudice and as explained above Plaintiff has again failed to plead a plausible claim for breach of contract. "[W]here the same conduct alleged to be unfair under the UCL is also alleged to be a violation of another law, the UCL claim rises or falls with the other claims." *Hicks v. PGA Tour, Inc.*, 165 F. Supp.3d 898, 911 (2016), *aff'd in part, vacated in part on other grounds,* 897 F.3d 1109 (9th Cir. 2018). As Plaintiff's TILA and breach of contract claims have been dismissed, the Section 17200 claim must be dismissed as well.

### D. Cancellation of Instrument Claim

Plaintiff also repleads her claim for cancellation of instrument against Bosco, alleging that Bosco's Deed Upon Sale is void because it was recorded in violation of California and Federal law. (SAC ¶ 38.) Under California Civil Code § 3412, "[a] written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and order to be delivered up or canceled."

Bosco insists that Plaintiff's cancellation claim fails because Plaintiff has not offered to restore to Defendants the amount she received from the loan, less her damages. According to Bosco, Plaintiff's failure to show she can tender the amount due on her loan precludes her from stating a claim for cancellation of instrument. (Dkt. No. 55-1 at 10 (citing *Karlsen v. American Sav. & Loan Assn*, 15 Cal.App.3d 112, 118 (1971) (quoting *Horan v. Harrington*, 130 Cal. 142, 143 (1900) (internal quotation marks omitted.)).

Plaintiff counters that tender is not required because the sale was void as opposed to voidable. For this argument, Plaintiffs relies on *Menan v. U.S. Bank National Assn.*, in which plaintiff Menan entered into a forbearance agreement with defendant U.S. Bank, and made the first forbearance payment on time, but still had his property foreclosed upon. *Menan v. U.S. Bank National Assn.*, 924 F.Supp.2d 1151, 1153 (E.D. Cal. Feb. 14, 2013). U.S. Bank failed to cancel the Notice of Default and sold Menan's property at auction. (*Id.*) The court held that the law does not require a plaintiff to tender the loan amount to a trustee who has no right to sell the property in

the first place. *Id.* at 1160. Plaintiff's argument that as in *Menan*, the sale of her property never should have occurred such that tender is not required is unavailing. In *Menan*, the court found that a forbearance agreement existed between the plaintiff and the defendant, and that the plaintiff properly made a payment pursuant to that agreement shortly before their property was foreclosed upon. *Menan*, 924 F.Supp.2d at 1157. Here, as discussed above, Plaintiff alleges that the sale was void because it was done in violation of state and federal law. (SAC ¶ 38.) However, Plaintiff has failed to plead a viable claim under state or federal law. Thus, *Menan* is inapposite as the sale here was voidable rather than void.

Generally, where a claim is voidable rather than void, the plaintiff must offer equity. *See Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 712 (N.D. Cal. 2009) (quoting citation omitted)). Here, Plaintiff has not alleged that she offered equity in support of her cancellation claim. The claim must therefore be dismissed. Perhaps recognizing the flaw in her claim, Plaintiff requests leave to amend this claim to plead allegations regarding tender. But given that the Court has concluded that Plaintiff has not even plausibly alleged that sale is voidable due to the stopping of the periodic statements, granting leave to amend to allege the ability to tender would be futile.

### E. Declaratory Relief Claim

Although Plaintiff's SAC also included a declaratory relief claim against Bosco, Plaintiff's opposition brief states that she is dismissing this claim. (Dkt. No. 60 at 2 n.1.) The motion to dismiss the declaratory relief claim is therefore moot.

## CONCLUSION

When Plaintiff initially filed this action she alleged that Franklin's foreclosure of a second lien on her home was unlawful because Franklin participated in the HAMP program and thus was required to extinguish its second lien when Wells Fargo forgave much of the first lien loan. Having learned that Franklin was not a HAMP participant, Plaintiff amended her claims against Franklin to emphasize that Franklin's failure to send her periodic statements regarding her loan after April 2010 was itself a basis for voiding her second lien loan. Accepting Plaintiff's allegations regarding the failure to send periodic statements as true, her claims against Franklin and Bosco still fail for the reasons stated above. As she has already been granted leave to amend and was unable to correct the complaint's deficiencies, and as she has not identified any new

6

allegations that she could make to plausibly state a claim, the dismissal is with prejudice.

This Order disposes of Docket No. 55.

**IT IS SO ORDERED.**

Dated: August 5, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge