UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGETTE TAYLOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BOSCO CREDIT, LLC, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-06310-JSC<br><br>**ORDER DENYING EX PARTE APPLICATION TO ENJOIN UNLAWFUL DETAINER JUDGMENT PENDING APPEAL**<br><br>Re: Dkt. No. 74 |

Plaintiff Brigette Taylor filed this action against Wells Fargo, Bosco Credit LLC, and Franklin Credit Management Corporation, challenging the handling of her residential mortgage loan and subsequent foreclosure of her home. After multiple amendments and rounds of motion practice, the Court granted Defendants' motion to dismiss Plaintiff's Truth in Lending Act, 12 C.F.R. § 1026.7 and state law claims with prejudice and Plaintiff appealed. (Dkt. Nos. 68, 70, 72.) Following Plaintiff's appeal, the Contra Costa Superior Court held a trial on an unlawful detainer action regarding Plaintiff's home and entered judgment in Bosco Credit LLC's favor. (Dkt. No. 74-1 at 12.) Over two months later, Plaintiff filed the now pending ex parte application to enjoin the judgment in the unlawful detainer action under Federal Rule of Civil Procedure 62(d). (Dkt. No. 74.) Plaintiff's request for an order enjoining the state court's unlawful detainer judgment is DENIED as the relief Plaintiff requests is barred under the Anti–Injunction Act, 28 U.S.C. § 2283.

**DISCUSSION**

Rule 62(d) allows a district court to "suspend, modify, restore, or grant an injunction" pending an appeal from a judgment that grants or denies injunctive relief. Fed. R. Civ. P. 62(d). A motion for an injunction pending appeal is considered under the same standard as a motion for a preliminary injunction. *See Tribal Vill. of Akutan v. Hodel*, 859 F.2d 662, 663 (9th Cir. 1988). A

party seeking an injunction pending appeal must show (1) a likelihood of success on the merits, (2) it is likely to suffer irreparable harm, (3) an injunction will not substantially injure the other parties, and (4) an injunction is in the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

The Court need not consider whether Plaintiff's motion satisfies this standard because Plaintiff's motion fails as threshold matter under the Anti–Injunction Act, 28 U.S.C. § 2283, which "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R.R. Co. v. Bhd of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970) (analyzing the three exceptions enumerated in 28 U.S.C. § 2283). Under the Anti-Injunction Act, federal courts can only "enjoin state court actions if one of three exceptions is met: 1) as expressly authorized by Congress, 2) where necessary in aid of the federal court's jurisdiction, or 3) to protect or effectuate the federal court's judgments." *See California v. Randtron*, 284 F.3d 969, 974 (9th Cir. 2002) (internal citation omitted). These three exceptions are to be construed narrowly. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *see also Montana v. BNSF Ry. Co.*, 623 F.3d 1312, 1315 (9th Cir. 2010) ("[D]oubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed.") (internal citation and quotation marks omitted).

None of these exceptions apply here. First, "[t]here is no federal statute authorizing a district court to enjoin a state unlawful detainer action." *See Carrasco v. HSBC Bank USA, N.A.*, 2012 WL 646251, at *3 (N.D. Cal. Feb. 28, 2012) (collecting cases).

Second, an injunction is not "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atl. Coast Line*, 398 U.S at 295. That is, there are no orders of this Court which are undermined by the state court's judgment on the unlawful detainer action. In Plaintiff's appeal of this Court's Order dismissing her complaint for failure to state a claim and as barred by the statute of limitations, Plaintiff challenges the Court's dismissal of her TILA claim and her unfair competition claim under California Business and Professions Code § 17200 et seq. *See Taylor v. Bosco Credit LLC, et al.*, No. 19-16727, Dkt. No. 10, Appellant's

Opening Brief filed Dec. 4, 2019 (9th Cir.). Neither of these claims involve a dispute regarding title to the property at issue (which had been sold to Bosco in a Trustees' Sale prior to Plaintiff filing this action, *see* Dkt. No. 56-1 at 50) and the only relief Plaintiff could obtain if she prevails on these claims is damages or restitution. *See DeMando v. Morris*, 206 F.3d 1300, 1303 (9th Cir. 2000) ("Failure to comply with any requirement imposed under TILA's credit provisions, including the original and subsequent disclosure requirements imposed by Regulation Z, gives rise to civil liability" in the form of damages under 15 U.S.C. § 1640(a)); *ABC Int'l Traders, Inc. v. Matsushita Elec. Corp.*, 14 Cal. 4th 1247, 1270-71 (1997) (finding that the remedy under Section 17200 includes restitution of money lost by plaintiff or gained by defendant as a result of unfair competition).

Third, an injunction is not necessary "to protect or effectuate the court's judgment." 28 U.S.C. § 2283. This exception applies "to protect the res judicata effect of [the court's] judgment[]." *Randtron*, 284 F.3d at 974. As noted above, the Court's judgment here did not involve title to the at-issue property and the unlawful detainer action has no effect on the Court's determination that Plaintiff failed to state a claim for relief under TILA or state law and that her claims are barred by the statute of limitations.

The Court thus concludes, as have numerous other courts, that "the Anti–Injunction Act, 28 U.S.C. § 2283, prohibits a federal district court from issuing a temporary restraining order staying unlawful detainer proceedings in state court." *Le v. 1st Nat. Lending Servs.*, No. 13-CV-01344-LHK, 2013 WL 2555556, at *2 (N.D. Cal. June 7, 2013)(collecting cases); *see also Ortiz v. California*, 785 F. App'x 477 (9th Cir. 2019) (holding that the district court properly dismissed plaintiff's action seeking to enjoin unlawful detainer proceedings in the state court because "due to the provisions of the Anti-Injunction Act, [the district court] could 'not grant an injunction to stay proceedings in [the] State court.'"). To the extent that Plaintiff seeks to challenge the state court's decision in the unlawful detainer action, she may do so through the state court system. *Zavala v. Golden Empire Mortg., Inc.*, No. 11-02876, 2011 WL 13318960, at *2 (C.D. Cal. May 31, 2011) ("In general, where a party is dissatisfied with either the manner in which state court unlawful detainer proceedings were conducted or with their results, the appropriate remedy is to seek

suitable appellate review within the state court system, including a request for a stay of the underlying judgment pending such review.")

## CONCLUSION

For the reasons stated above, Plaintiff's ex parte application for an injunction enjoining the state court unlawful detainer judgment is DENIED.

This Order disposes of Docket No. 74.

**IT IS SO ORDERED.**

Dated: December 17, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge